**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BENNIE LAMAR CLEVELAND,        )
ADC # 85000                         )
     Petitioner,               )     **Case No. 5:11-CV-00187 BSM-JTK**
                              )
v.                             )
                              )
RAY HOBBS, Director,         )
Arkansas Department of Correction   )
     Respondent.

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

**Instructions**

       The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Petitioner Bennie Cleveland on July 21, 2011 (Doc. No. 1). A response was filed by Respondent Ray Hobbs on October 17, 2011 (Doc. No. 14). Petitioner filed a reply on November 21, 2011 (Doc. No. 21).   After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

In July of 1992, Petitioner was convicted of capital murder, attempted capital murder, kidnapping, aggravated robbery, and theft of property.  Although his conviction was affirmed by the Arkansas Supreme Court, the United States Supreme Court vacated that decision for further consideration in light of *J.E.B. v. Alabama*, 511 U.S. 127 (1994). *Cleveland v. Arkansas*, 511 U.S. 1080 (1994).  The Arkansas Supreme Court subsequently reversed and remanded the case for a new trial. *Cleveland v. State*, 318 Ark. 738, 888 S.W.2d 629 (1994).  In July of 1995,

2

Petitioner's second trial resulted in convictions of first-degree murder, attempted capital murder, and theft of property.  The Arkansas Supreme Court denied the subsequent appeal on September 23, 1996. *Cleveland v. State*, 326 Ark. 46, 930 S.W.2d 316 (1996).  Petitioner did not seek any other post-conviction or collateral review.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that 1) he was denied his right to counsel because he never intelligently waived the right or sought self-representation, 2) the prosecutor unconstitutionally excluded jurors based on race and gender, 3) the jury violations deprived the Arkansas Supreme Court of jurisdiction to do anything but reverse and remand for a new trial, and 4) his conviction of attempted capital murder was illegal and void because that charge was dismissed before it was submitted to the jury.  The merits of these arguments will not be addressed because they are time barred.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner's appeal was denied by the Arkansas Supreme Court on September 23, 1996, so the limitations period began to run ninety[1] days later on December 23, 1996.  Thus, Petitioner was required to file his petition by December 23, 1997.  His petition was not filed until July 21, 2011.

Petitioner's reply makes several arguments regarding jurisdiction, but these arguments have nothing to do with his failure to comply with the limitations period.  There is no indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations

---

[1] Supreme Court Rule 13.1 (explaining that a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").  Ninety days would have actually been December 22, 1996, but that was a Sunday.

where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim).  Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").  Although Petitioner does appear to argue that the limitations period should be equitably tolled because he is actually innocent, actual innocence cannot toll the limitations period absent a showing that some action or inaction on the part of the respondent "prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002) (explaining that AEDPA "fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine.").  Petitioner brought the current action nearly fourteen years after the limitations period had expired, and he has failed to give any reasons why the Court would be able to consider his claims.  Accordingly, the Court finds that the Petitioner's petition is time barred.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 24th day of May, 2012.

_____
United States Magistrate Judge

4